IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SINTEL KING, | : | |
| Petitioner | : | |
| VS. | : | |
| Sheriff GARY VOWELL and Attorney General THURBERT E. BAKER, | : | NO. 7:06-cv-69 (HL) |
| Respondent | : | **O R D E R** |

Petitioner **CHRISTOPHER SINTEL KING**, a prisoner at the Tift County Law Enforcement in Tifton, Georgia, has filed a writ of habeas corpus petition on 28 U.S.C. § 2254 forms. He also seeks leave to proceed without prepayment of the $5.00 filing fee. As it appears that petitioner is unable to pay the cost of commencing this action, petitioner's application to proceed *in forma pauperis* is hereby **GRANTED**.

Petitioner attacks his August 24, 2005, Tift County conviction for possession of marijuana with intent to distribute, for which he received a sentence of 24-36 months imprisonment. According to petitioner's application, he filed: (1) an out-of-time appeal with the Georgia Court of Appeals sometime after February 7, 2006[1]; and (2) a state habeas corpus petition (2006 CV 3845) in the Superior Court of Tift County on May 5, 2006, which has "not been heard or adjudicated." Petitioner filed the instant federal habeas application in this Court on July 31, 2006.

---

[1] Petitioner provides no case number and states that the clerk of court for the Georgia Court of Appeals has not "released it."

Under 28 U.S.C. § 2254(b)(1)(A), an application for habeas corpus cannot be granted unless "the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement reflects a policy of comity between state and federal courts and is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." **Wilwording v. Swenson**, 404 U.S. 249, 250 (1971) (quoting **Fay v. Noia**, 372 U.S. 391, 438 (1963)). "If a petitioner fails to exhaust state remedies, the district court should dismiss the petition without prejudice." **Rose v. Lundy**, 455 U.S. 509, 519-20 (1982).

It clearly appears from the face of the petition that the petitioner has <u>not</u> exhausted state remedies available to him. Under the above circumstances, the petitioner cannot proceed in federal court with a habeas corpus petition at this time. He must first exhaust his remedies in the state courts. Once petitioner has completed all avenues available to him in the state courts, he will then be permitted to return to federal court. Accordingly, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE** to the right of the petitioner to refile once he has afforded the state courts an opportunity to review his grounds for relief.

**SO ORDERED**, this 14th day of August, 2006.

                                            **s/ Hugh Lawson**
                                            HUGH LAWSON
                                            UNITED STATES DISTRICT JUDGE

cr